REQUESTED BY: Senator Rex Haberman Nebraska State Legislature State Capitol, Room 1114 Lincoln, Nebraska 68509
Dear Senator Haberman:
You have asked if commodity check-off boards (Wheat, Soybean, Corn, and Grain Sorghum, established pursuant to Chapter 2, Articles 23, 33, 36 and 40 respectively) may expend the check-off funds to pay the expenses of individuals representing private commodity organizations who attend meetings of national organization the commodity boards may be affiliated with. We note that your inquiry is made for the purpose of determining whether any changes should be made in the four Commodity Acts referred to above.
In answering your question we call attention to a previous inquiry concerning the provisions of the the Nebraska Corn Resources Act, in which we stated that the legislative history of the Act contained no suggestion that the Legislature intended that the Board be authorized to do anything `beyond that which was specifically provided in the act.' (Report of the Attorney General, #155, Dated December 7, 1981).
With regard to the compensation of members of each of the check-off boards the statutes referred to above provide that the voting members of the boards are entitled to their `actual and necessary expenses' while engaged in the performance of official responsibilities as determined by the board. In addition, the Corn Board is entitled to $25.00 per diem.
With regard to persons other than members of the board, the statutes creating each of the boards provide that the duties and responsibility of the boards include authority `to employ personnel and contract for services which are necessary for the proper operation of the (commodity) program.'
From our examination of the legislative history of the acts creating the four commodity boards we find no instance where the Legislature gave any consideration to the compensation of any person other than as referred to above.
It is therefore our opinion that the payment of expenses of one attending meetings of national organizations which the commodity board are affiliated with would not be proper unless the person was a member or employee of the boards, while in the performance of official responsibilities as determined by the boards, or a person acting pursuant to the provisions of a contract for services which are necessary for the proper operation of the various commodity programs as determined by the boards.
Very truly yours, PAUL L. DOUGLAS Attorney General Bernard L. Packett Assistant Attorney General